IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARIBEL SANTANA-CERANO,** | § § § | |
| **Plaintiff,** | § § | |
| V. | § § | NO. 4:24-CV-403-O |
| **WARDEN FNU RULE, ET AL.,** | § § § | |
| **Defendants.** | § § | |

**MEMORANDUM OPINION AND ORDER**

Now pending is the motion for summary judgment filed by Defendants Lisa Bartlett, Marzena Kunysz, and Tawney Nodland. The Court has considered the motion, the response, the reply, the record, and applicable authorities and concludes that the motion must be **GRANTED**.

**I.   BACKGROUND**

The operative pleading is Plaintiff's amended complaint filed in response to the Court's order to replead. ECF No. 16. Plaintiff alleges that she arrived at Federal Medical Center Carswell with an infected open wound in her right buttock, that she did not receive proper care, and that she was harmed by Defendants' deliberate indifference to her serious medical needs. The Court has dismissed some of Plaintiff's claims. ECF Nos. 18, 19, 44, 45. The only remaining claims are against Nurse Bartlett and Nurse Nodland for forcibly removing Plaintiff's bandage after returning from surgery, ECF No. 44 at 12 & 15, and against Nurse Kunysz for refusal to provide medical care. *Id.* at 13–14.

**II.   GROUNDS OF THE MOTION**

Movants assert that the medical records do not support Plaintiff's claims against them. They also claim entitlement to qualified immunity.

## III. APPLICABLE LEGAL PRINCIPLES

### A. Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court views the evidence in the light most favorable to the nonmovant but need not comb through the record in search of evidence creating a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B. Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a right to be "clearly established," that right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639-40. In *Harlow*, the Supreme Court explained that

2

a key question is "whether that law was clearly established at the time an action occurred," because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether the plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Duckett v. City of Cedar Park*, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that the plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. *Siegert*, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by the plaintiff are true, a violation has clearly occurred. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989). Even if defendants are alleged to have acted in unison, the court must address the actions of each individually to determine whether qualified immunity applies. *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

A mistake in judgment does not cause an officer to lose his qualified immunity defense. In *Hunter*, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley*, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because

they fear being sued.

502 U.S. at 229. "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. *Cass v. City of Abilene*, 814 F.3d 721, 731–32 (5th Cir. 2016); *Young v. City of Killeen*, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Ford v. Anderson Cnty.*, 102 F.4th 292, 307 (5th Cir. 2024) (qualified immunity defense alters the usual summary judgment burden of proof); *Kovacic v. Villareal*, 628 F.3d 209, 211-12 (5th Cir. 2010). The standard is demanding. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* Thus, failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.* at 79–80; *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017).

C.  **Deliberate Indifference**

The Eighth Amendment proscribes cruel and unusual punishments, which the Supreme Court has interpreted to include deliberate indifference to serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For deliberate indifference to rise to the level of a

constitutional violation, the plaintiff must establish that the defendant knew of and disregarded an excessive risk to the plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A defendant's "failure to alleviate a significant risk that he should have perceived but did not" does not constitute a constitutional violation. *Id.* at 838. Deliberate indifference is an extremely high standard to meet. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires the plaintiff to show that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino*, 239 F.3d at 756). Deliberate indifference is not established when medical records indicate that the plaintiff received extensive medical care. *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346[1]; *Brauner*, 793 F.3d at 500 (refusal to accommodate in a manner the plaintiff desires is not deliberate indifference).

## IV.  ANALYSIS

### A.  Nurse Bartlett

Nurse Bartlett is the Director of Nursing at FMC Carsewell. ECF No. 71-2, App. 14. At the time Plaintiff filed her amended complaint, Defendants believed that her references to "Dr.

---

[1] The cases cited by *Gobert* do not explain what such exceptional circumstances might be. Whether to provide additional treatment is a classic example of a matter for medical judgment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Barthett" and "Dr. Bartheit" were to Nurse Bartlett. ECF No. 36 at 17. The Court believed that to be the case when it ruled on the motions to dismiss. ECF No. 44 at 11. At Plaintiff's deposition, she clarified that she did not intend those references to be to Nurse Bartlett. ECF No. 71-2, App. 86–89. Nurse Nodland was the one who removed the bandage on July 1, 2022. *Id.* App. 89. Plaintiff's only complaints about Nurse Bartlett are that she was: (1) there and laughing at Plaintiff when she returned from the hospital on July 1, and (2) in charge of everything such that all complaints went to her. Nurse Bartlett did not do anything for Plaintiff. *Id.* App. 94.

As the Court has noted, harassment and verbal abuse do not amount to the type of infliction of pain prohibited by the Eighth Amendment. ECF No. 44 at 13 (citing cases). Moreover, Nurse Bartlett cannot be held liable on the basis of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).[2] Even assuming she received Plaintiff's grievances, she cannot be held liable for handling them in a manner unsatisfactory to Plaintiff. *Garrett v. Stephens*, 675 F. App'x 444, 447 (5th Cir. 2017) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)); *Butler v. Holmes*, No. 7:18-CV-161-O, 2021 WL 3277442, at *8 (N.D. Tex. June 10, 2021). In fact, there is no constitutionally protected right to a prison grievance system. *Geiger*, 404 F.3d at 374; *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 240 (5th Cir. 2020).

### B.    Nurse Kunysz

Nurse Kunysz is a Registered Nurse at FMC Carswell. ECF No. 71-2 at App. 34. Plaintiff alleges that Nurse Kunysz refused to treat her on June 4, 2022, and for several days the week before her surgery. ECF No. 16 at 6–9; ECF No. 44 at 12–13 (liberally construing Plaintiff's

---

[2] Plaintiff seems to acknowledge that her claims against Nurse Bartlett are based on *respondeat superior* as she alleges that Nurse Bartlett is always in charge, whether she is physically at the facility or not. ECF No. 75 at 13–15.

allegations to state a claim for refusal to provide care). Nurse Kunysz understands the days in question to be June 6, 22, 23, 24, and 27, presumably because June 4 was a Saturday and the clinic is not open on weekends. ECF No. 71-1 at App. 33.

The medical records reflect that Plaintiff received medical care on June 6, 2022. She was seen by Dr. Bollinger, who among other things ordered Tylenol with codeine for pain. ECF No. 71-2 at App. 46–49. Nurse Kunysz was not working that day. *Id.* at App. 36–37, 43. And, she did not work in the clinic on June 22, 23, 24, or 27. *Id.* at App. 38, 51. But, even if Nurse Kunysz had turned Plaintiff away from the clinic, Plaintiff has not raised a genuine fact issue as to any treatment that would have been required. She has not shown that her condition dramatically increased in severity and that treatment in addition to that already ordered was required. *See Spikes v. Wheat*, 141 F.4th 662, 669–70 (5th Cir. 2025). The record reflects that she had already been scheduled for surgery on June 29, 2022, and that she had been prescribed pain medication, antibiotics, and a cleaning/disinfectant rinse. ECF No. 71-2 at App. 46–49, 98.

To the extent Plaintiff addresses allegations that Nurse Kunysz was deliberately indifferent to Plaintiff's need for the wound vac following surgery, ECF No. 75 at 16, that is not a claim now pending. ECF No. 44 at 13–14.

### C.    Nurse Nodland

Nurse Nodland is a Registered Nurse at FMC Carswell. ECF No. 71-2 at App. 53. The Court determined that Plaintiff stated a claim against her for deliberate indifference in forcibly removing Plaintiff's surgical bandages. ECF No. 44 at 15. Her allegations that Nurse Nodland required her to sit on her buttocks were insubstantial and her deposition testimony does not support a claim if one could be stated. ECF No. 71-2 at App. 90 (reflecting that Plaintiff was offered a place to sit but refused); *id.* App. 54 (Nurse Nodland did not play any role in arranging

transportation for Plaintiff to the hospital); *id.* App. 109 (Plaintiff did not know who made the decision to transport her by car back to the hospital). *See Frey v. Davis*, 782 F. App'x 368, 368–69 (5th Cir. 2019) (disagreement with mode of transportation chosen by prison officials does not state an Eighth Amendment claim). In any event, Plaintiff has not proffered summary judgment evidence to show that with regard to mode of transportation Nurse Nodland was aware of facts from which an inference of excessive risk to Plaintiff's health or safety could be drawn and that she actually drew that inference. *Rogers v. Boatright*, 709 F.3d 403, 407–08 (5th Cir. 2013). And, there is no evidence that Plaintiff suffered any physical injury as a result of the mode of transportation used. 42 U.S.C. § 1997e(e); *Geiger*, 404 F.3d at 375.

As for the removal of the bandage, the medical records reflect that the removal was done by another nurse. ECF No. 71-2 at App. 56–57. Plaintiff alternately testified that it was a male nurse, *id.* at App. 86, and that it was Nurse Nodland. *Id.* at App. 91–92. She was lying face down at the time and Nurse Nodland was sitting beside her. *Id.* Changing the dressing always hurt, even if the nurse went slowly and carefully. *Id.* at App. 78–79. Plaintiff has not raised a genuine fact issue with regard to deliberate indifference in the removal of the bandage.

## V. CONCLUSION

For the reasons discussed, Plaintiff has failed to come forward with evidence sufficient to establish a genuine fact issue as to any of her claims against the remaining Defendants. Thus, the motion for summary judgment is **GRANTED;** Plaintiff **TAKE NOTHING** on her claims; and, such claims are **DISMISSED**.

**SO ORDERED** on this **17th day** of **November, 2025**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**